**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JASON SANCHEZ,

Plaintiff,

v. Civ. No. 26-199 GJF/SCY

THE STATE BAR OF NEW MEXICO, nonprofit organization,
JOHN DOES 1-5, in their individual capacities,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Scheduling Order, File First Amended Complaint, and to Remand to State Court (Dkt. No. 26) (hereinafter, "Motion to Amend/Remand"). Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b), Plaintiff moves to amend the scheduling order for leave to file his proposed First Amended Complaint ("FAC") (Dkt. No. 26-1). Upon filing the FAC, Plaintiff asks the Court to remand the case. Defendant The State Bar of New Mexico ("Defendant" or "State Bar") opposes the motion. Resp. 1, Dkt. No. 28. Defendant asks the Court to deny Plaintiff leave to amend and instead grant its motion to dismiss all claims. The Motion to Amend/Remand is fully briefed. *See* Reply, Dkt. No. 29. Having considered the briefing, record, and relevant law, the Court will (1) grant the motion to amend, (2) require Plaintiff to file the FAC within seven days, and (3) remand the case to state court after the FAC is filed.

## I. BACKGROUND

Plaintiff Jason Sanchez alleges that, following his wrongful incarceration, he operates a Facebook page monitoring and highlighting corruption in New Mexico. Compl. ¶¶ 7-8, Dkt. No.

1-2. According to the Complaint, the prosecutor in part responsible for his wrongful incarceration, who now works in a private law firm, is one of the members of the New Mexico Board of Bar Commissioners, the governing body for the State Bar of New Mexico ("State Bar"). *Id.* ¶¶ 14-17. The Complaint alleges that, after Plaintiff made critical comments about the law firm in February 2024, the former prosecutor blocked Plaintiff's Facebook page from viewing, commenting, or sharing his law firm/personal page, and a nonprofit with which he was affiliated also blocked Plaintiff's Facebook page. *Id.* ¶¶ 18-20. Sometime around February 2024, the State Bar also blocked Plaintiff's Facebook page from viewing, commenting, or sharing the State Bar's official Facebook page. *Id.* ¶¶ 21-25.

Plaintiff subsequently brought a two-count complaint in the Second Judicial District Court of New Mexico alleging violation of his free speech rights in censoring his Facebook page. *See* Compl., Dkt. No. 1-2 at 4-11 of 11. In Count I, Plaintiff asserts a claim against the State Bar under the New Mexico Civil Rights Act ("NMCRA") for violation of Article 2, § 17 of the New Mexico Constitution. *Id.* ¶¶ 38-51. In Count II, he brings a 42 U.S.C. § 1983 claim against the State Bar and John Does 1-5 in their individual and official capacities for violation of the First Amendment to the United States Constitution. *Id.* ¶¶ 52-58.

On January 29, 2026, the State Bar removed the case based on federal-question and pendent jurisdiction and filed its Answer. *See* Notice of Removal 1-2, Dkt. No. 1; Answer, Dkt. No. 2. On March 16, 2026, the parties submitted a Joint Status Report and Provisional Discovery Plan (Dkt. No. 9) ("JSR"), in which Plaintiff reported that he intended to amend his pleadings after discovery revealed the identity of those who blocked his Facebook page. JSR 2, Dkt. No. 9. In its Scheduling Order, the Court set a deadline of June 12, 2026, for Plaintiff to move to add parties and to amend pleadings, and a date of August 24, 2026, for termination of discovery. Order 2, Dkt. No. 11. On

April 13, 2026, Defendant moved to dismiss the Complaint on two grounds: (1) the State Bar is not a public body and cannot be held liable under the NMCRA, and (2) the named defendants did not act under color of state law within the meaning of § 1983. Def.'s Mot. to Dismiss ("MTD") 1, Dkt. No. 14.

Plaintiff served written discovery on Defendant on May 12, 2026, to which it responded on June 11, 2026. *See* Certificate, Dkt. No. 20; Def.'s Resp. 3, Dkt. No. 28. The State Bar denied knowing who blocked the page and stated that its current communications staff, who have worked in their positions since around June 2022, denied blocking the page. Def.'s Ex. 1, Dkt. No. 28 at 12, 15 of 22. It identified employees Celeste Valencia and Brandon McIntyre as the employees with the ability to block users or social media pages during the relevant time. *Id.* at 12. After Plaintiff requested supplementation, the State Bar did so on June 18, 2026. Def.'s Ex. 2, Dkt. No. 28 at 20 of 22. In its supplemental answers, Defendant stated that current staff denied blocking the Facebook page and it has no reason to disbelieve them. *Id.* at 19.

On August 13, 2026, Plaintiff requested depositions of Ms. Valencia and Mr. McIntyre. Def.'s Ex. 3, Dkt. No. 28 at 22 of 22. Six days later, Plaintiff filed an Unopposed Motion for Limited Extension of Discovery Deadline (Dkt. No. 24), which the Court granted, extending discovery until August 28, 2026, for the purpose of deposing Ms. Valencia and Mr. McIntyre. Order, Dkt. No. 25. At their August 28, 2026, depositions, the employees denied blocking Plaintiff's Facebook page and testified that they do not know who at the State Bar did so. *See* Pl.'s Unopp. Mot. 1, Dkt. No. 24; Pl.'s Mot. to Amend/Remand 2, Dkt. No. 26.

On September 10, 2026, Plaintiff filed his Motion to Amend/Remand (Dkt. No. 26), requesting to dismiss Count II, the sole federal cause of action, omit the unidentified John Doe defendants, and proceed only against the State Bar under the NMCRA. *Id.* at 2. *See also* FAC, Dkt.

No. 26-1. Because he filed the motion after the deadline for amending pleadings, Plaintiff brings the motion under both Rule 15(a)(2) and Rule 16(b)(4). *Id.* at 4-5. If amendment is permitted, Plaintiff asks to remand the case. *Id.* at 2.

Defendant raises three main arguments in opposition. First, it asserts that Plaintiff has not shown that he could not with diligence have met the Court's deadline for amendment. Def.'s Resp. 2, Dkt. No. 28. Second, it contends that amendment is futile because the FAC does not cure the deficiencies of the complaint, for the reasons set forth in its motion to dismiss. *Id.* Third, Defendant maintains the proposed amendment is unduly delayed and unduly prejudicial. *Id.*

## II. STANDARD

Generally, a court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to allow amendment of the pleadings is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The purpose of Rule 15 "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* at 1204 (internal quotations omitted). Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After a scheduling order deadline has passed, a party seeking leave to amend must not only satisfy Rule 15(a)'s standard but also demonstrate good cause for seeking modification under Rule 16(b)(4). *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014). Rule 16(b)(4)'s good-cause standard means showing that the scheduling deadlines cannot be met despite the plaintiff's diligent efforts. *Gorsuch*, 771 F.3d at 1240. A court

may find good cause "when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to the party." *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)). Mere carelessness does not satisfy the diligence requirement. *Id.* at 989. Although prejudice is relevant to the inquiry, the focus is on the moving party's reasons for seeking the change. *See id.* at 988. The Tenth Circuit has "noted the 'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) (quoting *Minter*, 451 F.3d at 1205 n. 4).

## III. ANALYSIS

Because Plaintiff has not been able to identify through discovery the person(s) responsible for blocking his Facebook page, he no longer wishes to pursue an individual capacity claim under § 1983. Plaintiff asks the Court to use its discretion to freely give it leave to amend to drop that claim and then remand the case. Defendant, on the other hand, urges the Court to deny the motion for lack of good cause. Defendant argues Plaintiff has not exhibited diligence by waiting until May 12, 2026, to serve written discovery, a mere month before the deadline to amend the pleadings. Further showing a lack of diligence, says Defendant, is Plaintiff's delay in requesting the depositions of Ms. Valencia and Mr. McIntyre until two months after the State Bar disclosed their identities and in filing the motion to amend after the close of discovery.

This case, however, is not one where the moving party has not diligently pursued discovery. Plaintiff timely served written discovery on Defendant. Plaintiff sought and received from the Court a short extension of the discovery deadline to depose Ms. Valencia and Mr. McIntyre. Plaintiff conducted the depositions within the extended deadline. Shortly after the depositions,

Plaintiff requested leave to amend to drop the federal claim. That sequence does not show undue delay or a lack of diligence. Rather, Plaintiff conducted discovery on the § 1983 claim and has been unable to identify the individual actors responsible. When, as here, the evidence amassed in discovery is not sufficient to permit a plaintiff to pursue the claim as pled, then generally the plaintiff has the right to dismiss or amend the complaint. Consequently, Plaintiff has shown diligence and that the delay was not undue.

Next, Defendant argues that amendment is futile because the entire complaint is subject to dismissal. Defendant points to the reasons given in the motion to dismiss – that the State Bar was not acting as a public body or state actor within the meaning of the NMCRA. Defendant asserts that, because Plaintiff sought discovery to respond to the dismissal arguments, and discovery has now closed, Plaintiff is transparently attempting to jettison his federal claim to avoid dismissal. Futility of amendment, however, typically applies when a party is attempting *to add* a new claim to save the case from dismissal, but where the merits of that new claim are lacking. By contrast, Plaintiff is streamlining the litigation after unsuccessfully identifying the John Doe defendants. It is not futile *to dismiss* a claim. Moreover, amendment does not necessarily avoid dismissal of the entire case – the decision whether to dismiss the NMCRA claim will merely be decided by a different tribunal.

Lastly, Defendant's claim of undue prejudice falls well short. Plaintiff seeks to eliminate a claim against Defendant, a result that is hardly prejudicial to it. Discovery has already been conducted and in all likelihood will not have to be duplicated in the state action. Contrary to Defendant's assertion, the Court is not convinced that the parties will need to re-brief the motion to dismiss. The state court could examine the issue using the already filed motion and briefs, thereby minimizing any delay caused by the remand process. Furthermore, given that the NMCRA

is a state statute, the state courts might be best positioned to decide whether the State Bar is a "public body" within the scope of that statute.

When, as here, Defendant has not established a justifiable reason to deny the motion to amend, leave sought must be freely given. For the foregoing reasons, the Court will permit Plaintiff to file the FAC within seven days of the entry of this Memorandum Opinion and Order.[1]

**B. Court will remand the case.**

Having determined that all federal claims should be dismissed, only state law claims remain. Under 28 U.S.C. § 1367(c), the "district courts may decline to exercise supplemental jurisdiction over a claim ... if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Congress views "amendments as having the potential to alter jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 34 (2025). "The amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction." *Id.* at 35. "The plaintiff is 'the master of the complaint.'" *Id.* (quoting *Caterpillar Inc., v. Williams*, 482 U.S. 386, 398-99 (1987)). Consequently, when a plaintiff amends the complaint, even after removal, the federal court's jurisdiction depends on what the new complaint says. *Id.* at 30. As the Supreme Court explained: "When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well." *Id.* at 39. The federal court "must remand the case to the state court where it started." *Id.* In accordance with *Royal Canin*, once Plaintiff files the FAC, the Court will enter a final Order of Remand and direct the Clerk's Office to remand the case to the Second Judicial District Court of New Mexico.

[1] Plaintiff asks the Court to deem the First Amended Complaint filed. The Court, however, finds that it will make for a cleaner record for Plaintiff to file the FAC as a separate document.

**IT IS THEREFORE ORDERED** that

1. Plaintiff's Motion for Leave to Amend Scheduling Order, File First Amended Complaint, and to Remand to State Court (**Dkt. No. 26**) is **GRANTED**.

2. Plaintiff must file the First Amended Complaint **within 7 days** of entry of this Memorandum Opinion and Order.

**SO ORDERED.**

**THE HONORABLE GREGORY J. FOURATT**
**UNITED STATES MAGISTRATE JUDGE**
***Presiding by Consent***